# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUDLOW,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF FOLSOM STATE PRISON,<br><br>        Respondent. | 1:05-cv-01286-LJO-TAG HC<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR EVIDENTIARY HEARING (Doc. 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 11, 2005, Petitioner filed his petition. (Doc. 1). On November 20, 2007, the Court ordered Respondent to file a response. (Doc. 6). On February 20, 2008, Respondent filed an answer. (Doc. 9). On April 21, 2008, Petitioner filed a traverse. On that same date, Petitioner filed the instant motion for an evidentiary hearing. (Doc. 13).

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine whether an evidentiary hearing is warranted. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a habeas claim is warranted where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. Hendricks v.

1   Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  Because the function of an evidentiary hearing is
2   to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963), overruled in part by Keeney
3   v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993), an evidentiary hearing is unnecessary when
4   only issues of law are raised. Id.
5        In this case, Petitioner challenges a decision by the Governor of the State of California in
6   2003 that reversed a prior decision of the Board of Parole Hearings finding Petitioner suitable for
7   parole.  (Doc. 1).  Petitioner does not challenge his conviction or sentence.  Nor does Petitioner
8   argue that he did not receive proper notice of his 2003 parole hearing, or that he did not have an
9   opportunity to appear at the hearing, or that he did not receive a copy of both the Board's
10  decision and that of the Governor.  Respondent's answer attaches various exhibits.  (Doc. 9).
11  Those exhibits include a copy of the transcript of the Board's 2003 hearing, the Governor's
12  decision reversing the Board's decision, the California Court of Appeal's opinion in Petitioner's
13  direct appeal, the various state habeas petitions filed by Petitioner challenging the Governor's
14  reversal of the Board's decision, and the various decisions of the California courts regarding
15  those habeas petitions.  It thus appears at this juncture that all of the necessary documents and
16  transcripts have been placed in the record to permit this Court to fully address Petitioner's
17  claims.
18       Moreover, Petitioner has fully argued his legal claim challenging the Governor's
19  decision, as has Respondent.  It is unclear what additional information could be added to this
20  already exhaustive record.  Petitioner asserts that he is entitled to an evidentiary hearing when the
21  facts are in dispute.  (Doc. 13, p. 1).  He does not indicate, however, what facts are in dispute,
22  and, at this time, the Court sees none.  The issues are purely legal.
23       The Court, however, has not yet conducted a full review of the merits, and, thus, whether
24  or not there exists a factual dispute of the type that warrants an evidentiary hearing cannot be
25  made at this time.   Following a thorough review of the petition's merits, the Court will *sua*
26  *sponte* issue an order for an evidentiary hearing should it find one necessary.
27  ///
28  ///

1  Accordingly, Petitioner's motion for an evidentiary hearing (Doc. 13) is DENIED at this
2 time.
3
4 IT IS SO ORDERED.
5 Dated:   **February 23, 2009**                                     **/s/ Theresa A. Goldner**
                                                                      UNITED STATES MAGISTRATE JUDGE