# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LUDLOW,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN OF FOLSOM STATE PRISON,<br><br>    Respondent. | ) 1:05-CV-01286 LJO JMD HC<br>)<br>) FINDINGS AND RECOMMENDATION<br>) DISMISSING PETITION FOR WRIT OF<br>) HABEAS CORPUS<br>)<br>)<br>)<br>)<br>) |

Petitioner James Ludlow ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Folsom State Prison, pursuant to a judgement of the Kern County Superior Court. (Pet. at 2). Judgement was entered against Petitioner on September 27, 1989, on a charge of second degree murder. (Answer Ex. 1). Petitioner was sentenced to a term of fifteen years to life. (Pet at 2; Answer at 1).

Petitioner does not challenge his conviction in the instant habeas corpus proceeding. Rather, Petitioner challenge the decision by the former Governor to deny him parole. On June 12, 2003, Petitioner appeared before the California Board of Parole Hearing (the "Board") for a parole consideration hearing. (Answer at 1). The Board found Petitioner suitable for parole.

On November 5, 2003, then Governor Gray Davis reversed the Board's decision, finding Petitioner unsuitable for parole. (Answer Ex. 4). The cover letter attached to the Governor's decision was dated November 6, 2003. (Id).

\\\

Thereafter, Petitioner filed four collateral challenges to the Governor's decision, including the instant petition.

**Superior Court**

Petitioner filed a petition for writ habeas corpus on January 10, 2004, with the Sacramento County Superior Court, challenging the Governor's reversal. (Answer Ex. 5). The case was transferred to the proper court, the Kern County Superior Court on January 23, 2004. (Answer Ex. 7). The Kern County Superior Court denied the petition on April 5, 2004. (Answer Ex. 6).

**Court of Appeal**

A petition for writ of habeas corpus was submitted to the California Court of Appeal on September 3, 2004. (Answer Ex. 8). The proof of service on the petition was dated August 10, 2004. (Id). The petition was denied by the state appellate court on September 16, 2004. (Answer Ex. 9).

**Supreme Court**

A petition for writ of habeas corpus was filed with the California Supreme Court on December 13, 2004. (Answer Ex. 10). The proof of service on the petition was dated December 6, 2004. (Id). The California Supreme Court denied the habeas corpus petition on June 8, 2005. (Answer Ex. 11).

**Federal Court**

On October 11, 2005, the instant federal petition for writ of habeas corpus was filed with this Court. (Court Doc. 1). The petition was signed and dated on October 7, 2005. (Id). Respondent filed an answer on February 20, 2008, moving the Court to dismiss the instant petition as untimely. (Court Doc. 9). Petitioner filed a traverse, responding to this argument on April 21, 2008. (Court Doc. 12).

**DISCUSSION**

**A.     Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997);

*Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed in 2005, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. *See* 28 U.S.C. § 2244(d)(1)(A). In situations similar to the instant case, where Petitioner is challenging a parole decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period). As the Governor's authority to reverse a grant of parole is not subject to an administrative appeal, the factual predicate of the inmate's claim triggering the limitation period was the November 6, 2003 decision.[1] *See* Cal. Const., art. V, § 8(b); *see also Molina v. Curry*, 2008 WL 2383163, *3

---

[1] While the Governor's decision is dated November 5, 2003, the cover letter attached to the decision is dated November 6, 2003.

(N.D. Cal. 2008). Thus, the one year statute of limitations began running on November 7, 2003, the day after the Governor's reversal. *See Shelby v. Bartlett,* 391 F.3d 1061, 1066 (9th Cir. 2004). Petitioner did not file the instant petition until October 7, 2005.[2]

Seven hundred (700) days have passed since statute of limitations began running to when Petitioner filed his habeas corpus petition in federal court, far exceeding the one year statute of limitations.

### **B.**     **Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In *Carey v. Saffold*, 536 U.S. 214, 215 (2002), the United States Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. *See also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Evans v. Chavis*, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. *Id.* Respondent does not claim that any of the petitions for writ of habeas corpus submitted to the state courts were untimely.

However, Respondent and Petitioner dispute the filing dates for the instant petition as well as the petitions submitted to the California Court of Appeal and Supreme Court. Even applying the dates provided by Petitioner, the instant petition would still be untimely.

---

[2] In *Houston v. Lack*, 487 U.S. 266, 276 (1988), the United States Supreme Court held that a *pro se* habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (citing *Lack*, 487 U.S. at 276). Therefore under the mailbox rule, the Court deems the petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing.

Petitioner filed a petition for writ of habeas corpus on January 20, 2004 with the state superior court. That petition was denied on April 5, 2004, resulting in a tolling period of eighty-six (86) days. Petitioner filed a petition for writ of habeas corpus on August 10, 2004 with the California Court of Appeal. The petition was denied on September 16, 2004, resulting in a tolling of thirty-seven (37) days. Petitioner also submitted a petition for writ of habeas corpus to the California Supreme Court on December 6, 2004 . The petition was denied on June 8, 2005, tolling one hundred and eighty-four (184) days.

Petitioner argues that the Court should also toll the thirty day period in which Petitioner could have filed a writ of certiorari with the United States Supreme Court. (Traverse at 3-4). Petitioner's contention is misguided as evidenced by the high court's decision in *Lawrence v. Florida*, 549 U.S. 327, 333-334 (2007). In *Lawrence*, the Supreme Court held that 28 U.S.C. § 2244(d)(2) provision, tolling time for pending applications of collateral review in State courts, does not apply to the period in which a petitioner may file a writ of certiorari.

The total tolled period from Petitioner's state habeas petitions equals three hundred and seven (307) days. Subtracting this time from the seven hundred (700) days that have passed from the beginning of the statute of limitations period to when Petitioner filed the instant petition, Petitioner has waited a total of three hundred and ninety-three (393) days to file his federal petition for writ of habeas corpus. Consequently, the instant petition is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d).

**C.     Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *see also Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990); *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*citing Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)). Petitioner bears the burden of alleging facts that would give rise to tolling. *Pace*, 544 U.S. at 418; *Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002); *Hinton v. Pac. Enters*., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner neither alleged that the limitations period is subject to equittable tolling nor provided evidence supporting such contentions. As Petitioner has made no claim of equitable tolling, the Court deems the claim was untimely filed under 28 U.S.C. § 2244(d).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the instant petition for writ of habeas corpus as time barred by 28 U.S.C. § 2244(d) be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 6, 2009**                    **/s/ John M. Dixon**
                                         UNITED STATES MAGISTRATE JUDGE