UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES LUDLOW, | ) | 1:05-CV-01286 LJO JMD HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | RESPONDENT'S MOTION TO DISMISS BE |
| v. | ) | GRANTED |
| | ) | |
| WARDEN OF FOLSOM STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Ludlow ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Folsom State Prison, pursuant to a judgement of the Kern County Superior Court. (Pet. at 2). Petitioner does not challenge his conviction in the instant habeas corpus proceeding; rather, he challenges the decision by the former Governor, reversing the Board of Parole Hearing's grant of parole.

On February 20, 2008, Respondent filed an answer arguing that the petition was untimely as it was filed outside of the one year statute of limitations contained in 28 U.S.C. § 2244(d).[1]

---

[1] On April 6, 2009, the Magistrate Judge issued a Findings and Recommendation, recommending that petition be DISMISSED as untimely. The Findings and Recommendation were served on all parties with notice that any objections were to be filed with the Court within thirty days. More than thirty days have since passed and no objections have been filed. While mootness deprives the Court of jurisdiction, the Court notes that Petitioner's claim would have been barred as untimely regardless of whether they are now moot.

On April 7, 2009, Respondent filed a motion to dismiss the petition for writ of habeas corpus on the grounds that it was now moot. Specifically, Respondent contends that Petitioner has received the relief which he is currently seeking before the Court since he has been granted parole by the Board of Parole Hearings and that the Governor has declined to review the Board's decision.

Pursuant to the Court's November 20, 2007, scheduling order, Petitioner had eighteen days plus an additional three days for mailing in which to file an opposition to a motion to dismiss. More than twenty-one days have passed and Petitioner has not filed any opposition to the Respondent's motion.

Mootness is jurisdictional as the lack of a live "case or controversy," deprives the Court of jurisdiction over this matter. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000); *see also Spencer v. Kernna*, 523 U.S. 1, 7 (1998) (stating that a case is considered moot where "it no longer presented a case or controversy under Article III, § 2, of the Constitution"). A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting *Kemna*, 523 U.S. at 7); *see Ellis v. Campbell*, 2007 WL 2265061 (E. D. Cal. 2007) (finding denial of parole claim moot where petitioner has been released on parole). While Petitioner remains in custody, whether there are any available remedies the Court may provide remains questionable as the Board has granted Petitioner parole and the Governor has refused to review the decision.

The current situation is distinct from *McQuillion v. Duncon*, 342 F.3d 1012, 1015 (9th Cir. 2003. In *McQuillion*, the Ninth Circuit rejected the argument that a petitioner should be subject to a three year period of parole supervision, finding that if the petitioner had been released on time that three year period would have long since expired. *Id*. Here, this Court may not order Petitioner's immediate release without parole supervision, as Petitioner's parole supervision period "shall be the remainder of the inmate's life." Cal. Penal Code § 3000.1(a). Furthermore, Petitioner has failed to allege any available relief that may be provided by the Court in light of these facts.

\\\

\\\

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to DISMISS the petition for writ of habeas corpus for mootness be GRANTED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O' Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 2, 2009**                    /s/ John M. Dixon
                                              UNITED STATES MAGISTRATE JUDGE